**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | | |
|---|---|---|
| G.O.U.C., Inc., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. : |
| M/V ISABELLA GRACE, | * | In Admiralty |
| (formerly "GOOD DEED"), | | |
| its engines, tackle, furniture, apparel, etc., | * | |
| | * | |
| Defendant *in rem*, | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**VERIFIED COMPLAINT AND REQUEST FOR
ISSUANCE OF WARRANT OF ARREST OF VESSEL**

Plaintiff G.O.U.C., Inc. brings this action *in rem* against the M/V ISABELLA GRACE (formerly "GOOD DEED"), Official Number 687731, its engines, tackle, furniture, apparel, etc. (the "Vessel"), pursuant to Supplemental Admiralty Rule C, and in support thereof, states as follows:

**JURISDICTION AND VENUE**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, Supplemental Rule C for Certain Admiralty and Maritime Claims, and Fed. R. Civ. P. 9(h).

2. Venue is proper in this Court because the Vessel is found within this District. It is currently in dry storage at Baltimore Marine Center, LLC.

## THE PARTIES

3. Plaintiff G.O.U.C., Inc. is a corporation established pursuant to the laws of the State of Delaware.

4. Plaintiff holds a First Preferred Ship Mortgage (the "Mortgage") against the Vessel pursuant to the terms of an Installment Loan Note and Security Agreement (the "Note") issued in favor of Sawyer Savings Bank, a New York Savings Bank (Exhibit A), which Plaintiff purchased on June 12, 2013.  The Mortgage was assigned to the Plaintiff, said Assignment being filed with the U.S. Coast Guard, National Vessel Documentation Center, on June 18, 2013.[1]  (Exhibit B)

## FACTS

5. Sawyer Savings Bank entered into an installment loan contract with Raphael Olazagasti ("Borrower") for the purchase of the Vessel on April 6, 2004.  The loan was secured by the Mortgage on the Vessel, which was recorded at the United States Coast Guard, National Vessel Documentation Center on April 8, 2004 in Batch No. BK-04-55, Document ID No. 333. (*See* Abstract attached hereto as Exhibit C)

6. On information and belief, the Borrower ceased making payments on the Note in or about April 2012.[2]  The Note, therefore, was in default for non-payment of the monthly installments.[3]  Further, the Note was in default due to the death of the Borrower.

---

[1] The NVDC advised that they are currently working on mortgages and mortgage-related filings (such as assignments) from June 25, 2012.  It is unlikely that the Assignment will appear on the Vessel's Abstract for at least 4 months.  The Assignment, however, is effective as of the date of filing for purposes of pursuing the action requested herein.

[2] Borrower died in March 2012.  A copy of the Borrower's obituary is attached hereto as Exhibit D.

[3] When the Note was past due for more than two months, and the Bank learned that the Borrower was deceased and therefore not able to make the payments, the Bank ceased its collection efforts and moved the asset off of its active balance sheet and into a non-performing status.  As a result of this cessation of

7. In June 2012, Sawyer Savings Bank, having determined that an 'identifiable event' had occurred, filed an IRS form 1099-C as required by the IRS. (*See* footnote 3).  Sawyer Savings Bank did not, however, discharge, cancel, forgive or abandon the indebtedness.

8. In or about May 2013, Plaintiff negotiated with Sawyer Savings Bank for the purchase of the Note and Mortgage.  Said purchase was consummated on June 12,

---

collection efforts, the Bank was required by the IRS to file a 1099-C, Cancellation of Debt, form.  (A copy of the filed form is attached hereto as Exhibit E).

> File Form 1099-C, Cancellation of Debt, for each debtor for whom you canceled a debt owed to you of $600 or more if:
>
> 1. You are an entity described under Who Must File, below, and
>
> 2. An identifiable event has occurred. It does not matter whether the actual cancellation is on or before the date of the identifiable event.
>
> File Form 1099-C if you are:
>
> 1. A financial institution described in section 581 or 591(a) (such as a domestic bank, trust company, building and loan or savings and loan association).
>
> An identifiable event is one of the following.
>
> \* \* \*
>
> 7. A discharge of indebtedness because of a decision or a defined policy of the creditor to discontinue collection activity and cancel the debt. A creditor's defined policy can be in writing or an established business practice of the creditor. A creditor's established practice to stop collection activity and abandon a debt when a particular nonpayment period expires is a defined policy.
>
> \* \* \*

IRS Instructions for Forms 1099-A and 1099-C (2013)

The Bank did not cancel, forgive or discharge the debt; it simply moved the asset to a non-performing status and discontinued active collection efforts against the Borrower and/or his estate.  The instructions for the Debtor that appear on the back of the 1099-C form address the circumstance of a non-discharged debt:

> You received this form [ ] *because an identifiable event has occurred* that either is or is deemed to be a discharge of a debt of $600 or more.
>
> If an identifiable event has occurred but <u>the debt has not actually been discharged</u>, then include any discharged debt in your income in the year that it is actually discharged, unless an exception or exclusion applies to you in that year.

3

2013 and the Note and Mortgage were assigned to Plaintiff. (*See* Exhibit B). The outstanding principal balance owed on the Note is $155,099.36.

9. Pursuant to the Note, in the event of default, the Plaintiff "may declare all amounts owing under this note immediately due without" notice and "exercise all rights" for remedy "as soon as the default occurs."

10. Plaintiff desires to exercise its right to liquidate the collateral, the Vessel, to satisfy the outstanding obligations.

## COUNT I

### Arrest of Vessel (Rule C)

11. Plaintiff hereby incorporates Paragraphs 1 – 9 as is full set forth herein.

12. Plaintiff holds a Note, secured by a perfected First Preferred Ship Mortgage against the Vessel, which is in default.

13. Plaintiff desires to exercise its right to liquidate the collateral, the Vessel, to satisfy the outstanding obligations.

14. Pursuant to Supplemental Rule C, Plaintiff requests that this Court issue a warrant of arrest of the Vessel.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff G.O.U.C., Inc. respectfully demands relief as follows:

**(A)** **Count I  (Arrest of Vessel (Rule C))**

  (1) That this Court, pursuant to Supplemental Rule C, issue a warrant of arrest of the Vessel.

  (2) That this Court grant Plaintiff such other and further relief as the Court deems appropriate.

Dated: August 7, 2013.

/s/ J. Stephen Simms
J. Stephen Simms (#4269)
John T. Ward
Simms Showers LLP
20 S. Charles Street, Suite 702
Baltimore, Maryland 21201
Phone: (410) 783-5795
Fax: (410) 510-1789
jssimms@simmsshowers.com
jtward@simmsshowers.com


Counsel for G.O.U.C., Inc.